UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMP LOGIC SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JEROME STEVENS PHARMACEUTICALS, INC.,<br><br>    Defendant. | Case No. 11-cv-5075<br>The Honorable Samuel Der-Yeghiayan<br>Magistrate Judge Jeffrey T. Gilbert |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JEROME STEVENS PHARMACEUTICALS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER**

**I.   INTRODUCTION**

In its response, SMP misreads the law and misapplies the relevant standards in arguing that this Court has personal jurisdiction over JSP. SMP takes three positions: (1) JSP, through its "agent" Lannett, transacts business in Illinois, and thus the Illinois Long-Arm Statute is satisfied; (2) general jurisdiction is appropriate because Lannett continuously and systematically distributes pharmaceutical products, which are not the subject of any of the "patents-in-suit," throughout Illinois; and (3) specific jurisdiction is proper because pharmaceutical products manufactured in an allegedly infringing manner by JSP were purposefully placed into the stream of commerce such that JSP knew it would reach Illinois, and thus the exercise of jurisdiction in Illinois would be constitutionally permissible. As explained in detail below, none of these arguments is correct.

SMP's erroneous jurisdictional arguments should not lead the Court astray. Most importantly, the sales agreement between JSP and Lannett Company, Inc. ("Lannett") is a red

herring and does not provide the Court with a proper basis to exercise personal jurisdiction over Defendant JSP.  First, Lannett is not an agent of JSP; it is merely a customer of JSP.  Although JSP and Lannett are parties to an exclusive distribution agreement that allows Lannett to sell JSP's pharmaceutical products in Illinois (as well as in other states), that agreement does not create a relationship whereby Lannett assumes the role of an agent for JSP.  Consequently, the Illinois Long-Arm Statute is not applicable because JSP does not transact business in Illinois.  Second, because Lannett's activities in Illinois are not attributable to JSP, JSP cannot be deemed to continuously and systematically sell its pharmaceutical products in Illinois.  Third, SMP's "stream-of-commerce" theory is unsound and has been rejected by the Supreme Court.

Similarly, SMP's arguments against transferring this case to the Eastern District of New York stand on weak footing because they rely on the unfounded theory that Lannett is acting as an agent on behalf of JSP and incorrectly balance the relevant factors.  Because the facts and the law continue to show that the Court does not have personal jurisdiction, JSP respectfully requests that the Court grant JSP's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Eastern District of New York under 28 U.S.C. § 1404(a).

## II.  PLAINTIFF'S EMPHASIS ON DEFENDANT'S SALES AGREEMENT WITH A COMPANY LOCATED IN PENNSYLVANIA IS UNAVAILING.

The sales agreement between JSP and Lannett does not as a matter of course render Lannett an agent of JSP such that Lannett's actions subsequent to the agreement can confer personal jurisdiction concerning JSP in Illinois.  The Federal Circuit requires two inquiries when determining whether personal jurisdiction exists over an out-of-state defendant: (1) whether jurisdiction exists under a forum state's long-arm statue, and (2) whether the assertion of personal jurisdiction would violate due process under the Fourteenth Amendment.  *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1580 (Fed. Cir. 1994).  Here, SMP's

insistence on a finding of agency is meritless. As such, the additional provision of the Illinois Long-Arm Statute cited by SMP does not allow the Court to assert personal jurisdiction over JSP because JSP does not transact business in Illinois. SMP has also failed to establish that personal jurisdiction would comport with due process requirements because JSP has no continuous and systematic contacts with Illinois and SMP's claims of infringement do not arise from JSP's contacts with Illinois.

> A. The Long-Arm Statute Is Not Applicable Because JSP Does Not Transact Any Business In Illinois.

It cannot be said that JSP transacts business in Illinois simply because its customer Lannett, a company located in Pennsylvania, has an agreement to purchase and sell JSP's pharmaceutical products in the 48 contiguous states. Under the Illinois Long-Arm Statute, 735 Ill. Comp. Stat. Ann. 5/2-209(a) (West 2011), a cause of action must "*arise*[] *from*" one of the conditions enumerated in the statute in order to subject a non-resident defendant to personal jurisdiction in Illinois. Pursuant to subsection (a)(1), personal jurisdiction is proper if a "cause of action aris[es] from" an entity's or its agent's engagement in "[t]he transaction of any business within . . . [Illinois]." *Id.*. Here, JSP does not transact any business within Illinois. It is a corporation organized and operating under the laws of New York, with its principal place of business in Bohemia, New York. Declaration of Ronald Steinlauf ("Steinlauf Decl.") ¶ 2 (attached as Exhibit ("Ex.") A). This is JSP's only office and where all of its manufacturing takes places. *Id.* ¶ 4. It strictly contracts with Lannett, who is located in Pennsylvania, to sell its pharmaceuticals. *Id.* ¶ 5.

SMP seriously mischaracterizes Lannett's legal status vis-à-vis JSP. SMP portrays Lannett as an agent merely because JSP has contracted Lannett to sell its pharmaceutical products in the 48 contiguous states. A sales agreement between two entities, such as the

3

exclusive distribution agreement between JSP and Lannett, does not compel the designation of Lannett as an "agent" of JSP.  *See Acrison, Inc. v. Control & Metering Ltd.*, 730 F. Supp. 1445, 1446 n.3 (N.D. Ill. 1990) (reasoning that exclusive distributorship agreement "did not at all establish the kind of relationship that American law treats as attributing to the principal all the agent's actions within a broad scope of agency" because distributor sold goods at "[its] own price, in its own name and for its own account").  JSP supplies pharmaceutical products for Lannett's inventory and affords Lannett the right to distribute JSP's products throughout the 48 contiguous states.  Both JSP and Lannett's contractual obligations toward one another conclude upon JSP's sale of its pharmaceutical products to Lannett and Lannett's payment in consideration of the sale.  Aside from the sales obligations between Lannett and JSP, SMP points to no other conduct that suggests Lannett acts on behalf of JSP, such that Lannett's actions should be ascribed to JSP.  Importantly, the agreement is not conditioned upon a directive for Lannett to either sell or market JSP products directly to Illinois.  Thus, Lannett's distribution of JSP's pharmaceuticals, which may make their way into several states, including Illinois, does not directly translate into JSP transacting business in Illinois, and SMP cites no case law instructing the Court to apply such a sweeping characterization.  In short, as a result of the sales agreement between JSP and Lannett, Lannett is more correctly identified as a "customer" than as an "agent" and none of Lannett's sales efforts are attributable to JSP.

     Furthermore, even assuming that Lannett's distribution of JSP's products to Illinois retailers constitutes "transacting business" within Illinois and is imputed to JSP, SMP's claims of infringement do not arise from Lannett's distribution of pharmaceutical products in Illinois.  The sales arrangement between JSP and Lannett provides Lannett only the right to distribute JSP's products to the 48 contiguous states.  As such, under the Illinois Long-Arm Statute, the relevant

4

"business" is the distribution of pharmaceutical products in Illinois. As JSP pointed out in its opening memorandum—and which SMP does not dispute—the asserted patents do *not* include claims for the pharmaceutical *products* themselves. SMP only asserts "patents cover[ing] technologies that . . . monitor acceptance criteria during a pharmaceutical manufacturing *process*." Corrected Opposition to Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Transfer Venue ("Pl.'s Opp'n") at 2, Dkt. # 27 (emphasis added). The distribution of pharmaceuticals in Illinois does not form the basis of SMP's infringement allegations. Rather, SMP's allegations are founded upon an allegedly infringing manufacturing process that occurs in New York. SMP's causes of action, therefore, do not arise from the transacting of business in Illinois and the Illinois Long-Arm Statute is inapplicable.

> **B.  Personal Jurisdiction Does Not Comport With Due Process Because Defendant Has Neither Maintained Continuous and Systematic Contacts With Illinois Nor Purposefully Directed Its Sales Activities At Illinois.**

Contrary to SMP's arguments, the facts do not support a finding of general jurisdiction because JSP does not have continuous and systematic contacts with Illinois. The facts also do not support a finding of specific jurisdiction because SMP's claims do not arise out of or relate to JSP's activities in Illinois, which do not exist.

> **1.  The continuous and systematic contacts of a manufacturer's exclusive distributor are not sufficient to warrant general jurisdiction.**

As demonstrated above, Lannett's activities in Illinois are not attributable to JSP because Lannett is not an agent of JSP. General jurisdiction over an out-of-state defendant is proper when the out-of-state defendant has continuous and systematic contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). If general jurisdiction exists, a court may hear any claims against the out-of-state defendant without regard to whether the defendant's contacts give rise to the claims. *See id.* Here, JSP does not sell,

5

solicit, advertise, or ship any of its products into Illinois.  JSP deals exclusively with Lannett, a pharmaceutical distributor in Pennsylvania, *not* Illinois.  SMP does not dispute the following: (1) JSP has neither offices nor employees in Illinois, Steinlauf Decl. ¶ 11; (2) JSP has no registered agents for accepting service of process in Illinois, *id.* ¶ 12; (3) JSP does not own or use any real estate in Illinois, *id.* ¶ 13; (4) JSP does not maintain a telephone number, directory listing, or address in Illinois, *id.* ¶ 14; and (5) JSP has no bank accounts, books, or records in Illinois, *id.* ¶ 15.  These factors are highly relevant to the general jurisdiction inquiry.  Instead, SMP avoids the analysis entirely and attempts to minimize these crucial jurisdictional facts as "red herrings."  Pl.'s Opp'n at 8.

Instead of addressing the merits of JSP's motion, SMP misreads the law and attempts its own misdirection by blurring the line between "customer" and "agent."  SMP cites the following facts in support of general jurisdiction: (1) if the distributorship agreement were terminated, "there would be a significant negative impact on the operating cash flows of . . . Lannett resulting from the termination"; (2) "the agreement between Lannett and [JSP] has been in effect for more than [6] years"; (3) "[a] non-trivial percentage of [JSP]'s overall sales occur in Illinois"; and (4) "[t]he agreement requires that Lannett distribute to all 48 contiguous states, including Illinois."  Pl.'s Opp'n at 7.  The hypothetical termination of the agreement and its effect on Lannett, as well as the duration of Lannett and JSP's contractual relationship, does not establish that JSP has continuous and systematic contacts with Illinois.  SMP seeks to impute Lannett's allegedly continuous and systematic conduct in Illinois to JSP as if Lannett were an agent of JSP.  For the reasons mentioned above, Lannett is not an agent of JSP solely because of an exclusive distributorship agreement between the two entities.  *See supra* Part II.A.  The sales agreement does not contractually bind JSP such that it is responsible for Lannett's conduct, as would be the

6

case if Lannett were actually an agent of JSP. *See Acrison*, 730 F. Supp. at 1446 n.3. **Lannett's right to sell cannot confer jurisdiction over JSP**.

More importantly, SMP has a fundamental misunderstanding of the contractual relationship between Lannett and JSP, which has led SMP to wrongfully conclude that jurisdiction exists. SMP argues that "[a] non-trivial percentage of [JSP]'s overall sales occur in Illinois." Pl.'s Opp'n at 7. On the contrary, **JSP has no sales in Illinois**. Because JSP has only one office in New York and deals exclusively with Lannett, all of its sales occur in either New York or Pennsylvania—not Illinois. JSP's receipt of payment is not conditioned upon the success of Lannett's distribution efforts.

Importantly, the Supreme Court's recent decision in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S. Ct. 2846 (2011), rejects SMP's stream of commerce arguments and counsels against a finding of general jurisdiction. In *Goodyear*, the petitioners, out-of-state defendants who allegedly manufactured a defective tire causing an injury outside of North Carolina, were seeking to overturn a North Carolina Court of Appeals ("Court of Appeals") ruling that submitted them to general jurisdiction in North Carolina. *Id.* at 2851. The Court of Appeals reasoned that general jurisdiction was proper because petitioners manufactured tires that reached North Carolina through the "stream of commerce." *Id.* The Court unanimously overturned the Court of Appeals' decision holding that "[s]uch a connection does not establish the 'continuous and systematic' affiliation necessary to empower . . . [the forum] court[] to entertain claims unrelated to the . . . [out-of-state defendants'] contacts with the State." *Id.* at 2851. In arriving at its unanimous decision, the Court reasoned that the "[f]low of a manufacturer's products into the forum . . . may bolster an affiliation germane to *specific* jurisdiction[,] [b]ut ties serving to bolster the exercise of specific jurisdiction do not warrant a

7

determination that, based on those ties, the forum has *general* jurisdiction over a[n] [out-of-state] defendant." *Id.* at 2855 (internal citations omitted) (emphasis in original).

Ignoring the controlling Supreme Court precedent of *Goodyear*, SMP further misconstrues JSP's reliance on *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998). There, the court found that personal jurisdiction was improper over the out-of-state defendant, a holding company, not because of its status as a holding company, but rather as a result of the lack of sufficient contacts between the out-of-state defendant and Illinois. *See Goss Int'l Ams., Inc. v. Graphic Mgmt. Assocs.*, No. 05-C-5622, 2006 WL 1647517, at *2 (N.D. Ill. June 6, 2006) (unpublished) (rejecting argument that *Androphy* stood for the "blanket proposition" that a court could not exercise personal jurisdiction over a holding company in a patent infringement case) (attached as Ex. B). *Androphy* demonstrates that where the out-of-state defendant has not: (1) transacted business in Illinois; (2) designated any individual or entity to be its agent; (3) transacted business in Illinois involving any method protected under the patents-in-suit; or (4) contracted to provide products or services protected under the asserted patents in Illinois, then the defendant has not purposely availed itself of the privilege of conducting activities in Illinois. 31 F. Supp. 2d at 622. JSP maintains that its situation is akin to the defendant in *Androphy* and has not purposefully directed its activities at Illinois residents.

SMP cites two cases in support of finding general jurisdiction over JSP: *Grimes v. Cirrus Indus., Inc.*, 712 F. Supp. 2d 1256, 1264-65 (W.D. Okla. 2010) and *Ergonomic Lighting Sys. v. Commercial Petroleum Equip./USALCO*, 2003 U.S. Dist. LEXIS 10124 (W.D. Tex. May 21, 2003) (unpublished) (attached as Ex. C). These cases, however, are easily distinguishable from the facts in this case because the distributors in the cited cases were located in the actual forum where the parties contested personal jurisdiction, whereas Lannett is a distributor in

8

Pennsylvania, not Illinois. *See Grimes*, 712 F. Supp. 2d at 1263 (noting that out-of-state defendant "had an ongoing and continuous business relationship with [distributor] . . . located in Oklahoma"); *Ergonomic Lighting*, 2003 U.S. Dist. LEXIS 10124, at *6 (noting that out-of-state defendant "maintained exclusive distributorship agreements with businesses that have distribution facilities in Texas"). The out-of-state defendants in both cases purposefully directed their activities at the forum state in question, which JSP has not done with Illinois.

In view of the foregoing, this Court cannot assert general jurisdiction over JSP. Like the petitioner in *Goodyear*, JSP is an out-of-state defendant who allegedly caused an injury, *i.e.*, infringing use of SMP's patented pharmaceutical manufacturing process, outside of Illinois. Although Lannett distributes JSP's products and they reach Illinois through the "stream of commerce," this connection is not legally meaningful to confer general jurisdiction over JSP. SMP's position presents a "sprawling view of general jurisdiction" because it would compel "any substantial manufacturer or seller of goods . . . [to] be amenable to suit, on any claim for relief, wherever its products are distributed." *Goodyear*, 564 U.S. at__, 131 S. Ct. at 2856. JSP's attenuated connections to Illinois, therefore, are not "continuous and systematic" and general jurisdiction over JSP would be improper.

> **2. The alleged infringement of the patents-in-suit neither arises from nor is related to any JSP activity in Illinois; thus, assertion of jurisdiction would be unreasonable.**

SMP's claims of infringement do not arise out of or relate to JSP's activities in Illinois, which are nonexistent. Specific jurisdiction is appropriate where: (1) the claim arises out of or relates to the out-of-state defendant's activities with the forum; (2) the defendant purposefully directed its activities at residents of the forum state; and (3) the court's assertion of jurisdiction is fair and reasonable. *See Colida v. LG Elecs., Inc.*, 77 Fed. App'x 523, 525 (Fed. Cir. 2003) (unpublished) (attached as Ex. D). If one of the enumerated acts of infringement under the

9

patent statute, *i.e.*, makes, uses, offers to sell, sells, or imports, § 35 U.S.C. § 271(a) (2006), occurred in Illinois, jurisdiction would be proper. That, however, is not the case before this Court.

> i. *The alleged infringement of the asserted patents does not occur in Illinois.*

Throughout its response, SMP repeatedly and erroneously argues that JSP, through its "agent" Lannett, is distributing pharmaceutical products, allegedly made using *processes* that are covered by the asserted patents. According to SMP, it follows that jurisdiction over JSP in Illinois is appropriate because the pharmaceutical "products would not exist were it not for [JSP's use] of infringing manufacturing *processes*." Pl.'s Opp'n at 8 (emphasis added). SMP concludes that it would not be fair if it were only able to sue at the site of manufacture when the "injury is felt everywhere." *Id.* at 9. Even assuming that Lannett's distribution of pharmaceutical *products* were purposefully directed at Illinois and this activity were attributable to JSP, SMP's argument is still fundamentally flawed because the asserted patents are limited to claims that cover *methods of pharmaceutical manufacture*, not the pharmaceutical products that find their way into Illinois. Patents for pharmaceutical products are significantly distinct from patents for pharmaceutical manufacturing processes. As a matter of basic patent law, no infringement has occurred if JSP has not performed every step of the processes covered by the asserted patents. Consequently, SMP does not suffer an injury everywhere the pharmaceutical products are distributed; rather, it only suffers an injury everywhere the pharmaceutical products are *manufactured* because it is the *manufacturing* that allegedly *infringes* the asserted patents. As such, any allegedly-infringing pharmaceutical manufacture did not occur in Illinois—if it

occurred anywhere, it would have been in New York[1] where JSP has its lone office.  ***To date, SMP has not alleged, and cannot allege, that JSP either directly or indirectly performed every step of the manufacturing processes covered by the asserted patents in Illinois***.  For this reason, *TechnoLines, LP v. GST AutoLeather, Inc.*, 799 F. Supp. 2d 871, 874–76 (N.D. Ill. 2011), should not be ignored because it stands for the proposition that personal jurisdiction is permissible only if the plaintiff's claim of patent infringement arises out of or relates to the out-of-state defendant's activities in Illinois.  In short, the relationship between the asserted patents and the alleged Illinois activities of JSP is too tenuous for this Court to exercise jurisdiction over JSP.

Further, SMP's reliance on *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994), is misguided because the "stream-of-commerce" theory is inapplicable in this case and has been rejected by the Supreme Court, *see infra* Part II.B.2.ii.  JSP has not placed any embodiment of the subject matter covered in the asserted patents into the "stream of commerce."  The only products that JSP has placed into the "stream of commerce" are pharmaceuticals and not any computer software that encompasses the pharmaceutical manufacturing process protected by the asserted patents.  Notably, SMP has cited no case law setting forth facts that are remotely analogous to the case before the Court, *i.e.*, cases establishing that end products manufactured using allegedly infringing processes provide a jurisdictional nexus for courts where out-of-state defendants are accused of infringing the patented processes, but not the products.  Again, it bears repeating, because SMP does not claim that the asserted patents cover the end products, SMP cannot show that its claims of infringement arise out of or relate even to the minimal, attenuated activities that JSP allegedly has with Illinois.

---

[1] JSP contends that this fact is in dispute.  Pl.'s Opp'n at 13.  SMP has not presented any support for this contention.  This is *not* a "well-pleaded" fact.  The Court does not have to accept this conclusory allegation as true.

11

### ii.   *JSP does not direct any activities at Illinois.*

JSP has not purposefully directed its activity at Illinois by simply entering into a sales agreement with Lannett. Another recent Supreme Court case, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. __, 131 S. Ct. 2780 (2011), is instructive on this issue. In *J. McIntyre*, the petitioner, an out-of-state defendant who allegedly manufactured a defective product resulting in an injury in New Jersey, sought to overturn a New Jersey Supreme Court ruling that subjected it to personal jurisdiction in New Jersey. *Id.* at 2785 (plurality opinion). Notably, the product arrived in New Jersey through an "independent company [that had] agreed to sell . . . [petitioner's products] in the United States," and there was "no allegation that the [U.S.] distributor was under . . . [petitioner's] control." *Id.* at 2786. There was no evidence that petitioner had a regular flow or course of sales in New Jersey. *Id.* at 2792 (Breyer, J., concurring in judgment). There was also no evidence that petitioner had any "[New Jersey]-related design, advertising, advice, [or] marketing." *Id.* Given these facts, a *majority* (six to three) of the Court ruled that a New Jersey court would not have personal jurisdiction over the petitioner because petitioner did not purposefully avail itself of the privilege of conducting activities in New Jersey.[2] *See id.* at 2785, 2786 (plurality opinion); *id.* at 2791 (Breyer, J., concurring in judgment).

The analysis set forth in *J. McIntyre* applies here. JSP contracts exclusively with Lannett to sell JSP's pharmaceutical products. Lannett is an independent distributor. JSP does not exert any control over Lannett's marketing and sales operations. Additionally, JSP has no regular

---

[2] Due to the plurality opinion in *J. McIntyre*, *i.e.*, no majority of the Court agreed on one rationale, the narrowest holding with the majority's support is therefore the proper holding. *See Marks v. United States*, 430 U.S. 188, 193 (1977). The narrowest holding is that personal jurisdiction in New Jersey was lacking because the out-of-state defendant's contacts with New Jersey were too tenuous to allow a New Jersey court to assert personal jurisdiction.

course of sales in Illinois and it engages in no Illinois-specific advertising or marketing.  In no way has JSP purposefully directed its activities at Illinois and availed itself of the benefits of conducting business in Illinois.  As such, this Court does not have personal jurisdiction over JSP.

### iii. The Court's exercise of personal jurisdiction would be unreasonable.

Exercise of personal jurisdiction would not be fair to JSP because it did not reasonably anticipate being haled into an Illinois court to litigate a patent action.  *See Androphy*, 31 F. Supp. 2d at 622.  The only conceivable forum where allegedly infringing conduct could have occurred is New York, more specifically the Eastern District of New York, because that is where the allegedly infringing manufacturing *processes* are utilized.  *See supra* Part II.B.2.i.  JSP has not purposefully availed itself of the privilege of conducting activities in Illinois.  *See supra* Part II.B.2.ii.  JSP has not manufactured any product or applied any method to its pharmaceutical manufacturing process that could be alleged to infringe the asserted patents in Illinois.  JSP does not have offices, employees, property, or contracts in Illinois.  There exists no meaningful nexus between Illinois and JSP, for which JSP could ever have ever anticipated litigating in Illinois.  As a result, personal jurisdiction over JSP would be unfair and unreasonable.

## III. VENUE IS MORE APPROPRIATE IN THE EASTERN DISTRICT OF NEW YORK THAN THE NORTHERN DISTRICT OF ILLINOIS.

Alternatively, if the Court finds it has personal jurisdiction over JSP, it should nevertheless transfer this action to the Eastern District of New York because it has a stronger relationship to SMP's claims than the Northern District of Illinois.  *See Illinois Computer Research, LLC v. Harpercollins Publishers, Inc.*, No. 10-c-5021, 2010 WL 4877501, at *2 (N.D. Ill. Nov. 22, 2010) (unpublished) (attached as Ex. E).  SMP's arguments are flawed in many respects.

First, JSP has not conceded that personal jurisdiction is proper in Illinois; it merely argued in the alternative in its opening memorandum. *See* Memorandum of Law in Support of . . . . [Defendant]'s Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Transfer ("Def.'s Mem.") at 12, Dkt. #23 (arguing that "[e]ven *if* this Court finds it has personal jurisdiction over JSP, the Eastern District of New York is the appropriate venue" (emphasis added)). For purposes of brevity and because the factors for transfer are *conjunctive*, JSP chose to forego arguing, without conceding, that venue is proper in the Northern District of Illinois.

Second, the fact that JSP's headquarters is in the Eastern District of New York is not the sole reason why it is the more appropriate venue. Material events, particularly the heart of this matter—JSP's allegedly infringing use of processes claimed in the asserted patents—occurs in New York.[3] Importantly, this controversy is founded upon SMP's allegation that JSP is *manufacturing* its pharmaceutical products in an allegedly infringing manner. The manufacturing of JSP's products occurs only in the Eastern District of New York, not in Illinois. Certainly, it cannot be in the interest of justice for this Court to preside over a case where there has been no infringement of the asserted patents within Illinois and where no witnesses,[4] documents, or evidence exist.[5]

---

[3] Inexplicably, SMP, a California corporation, did not choose a forum in California to litigate this matter. SMP alleges that it is "injur[ed] . . . *everywhere* [JSP] distributes its products," Pl.'s Opp'n at 9 (emphasis in original), and that "[m]aterial events take place throughout the United States," *id.* at 13. Given these arguments and SMP's proposed theories for this Court to find personal jurisdiction (which can be tailored for California instead of Illinois), SMP should have instituted this suit in California if it were genuinely concerned about litigating in a convenient forum. Again, SMP's only apparent tie to the Northern District of Illinois is the location of its counsel in this matter. Neither party has any significant or meaningful connection to the Northern District of Illinois.

[4] Even SMP's main witness does not live in Illinois. Pl.'s Opp'n at 14–15.

[5] Indeed, SMP does not appear to contest that subsection (a)(2) of the Illinois Long-Arm Statute, which submits an entity to personal jurisdiction in Illinois if it "commi[tted] . . . a tortious act within . . .

Third, JSP does not conduct any business in Illinois.  *See supra* Part II.A-B.1.  In sum, SMP has not demonstrated why its choice in forum should not be disturbed.  The factors favoring a transfer to the Eastern District of New York heavily outweigh the benefits to SMP of litigating in Illinois.  The Court should, therefore, transfer this case to the Eastern District of New York.

## IV.   CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in its opening memorandum, JSP respectfully requests that the Court grant JSP's Motion to Dismiss for Lack of Personal Jurisdiction with prejudice.  In the alternative, JSP respectfully moves for this action to be transferred to the Eastern District of New York.

Respectfully submitted,

January 18, 2012

/s/ Matthew D. Satchwell_____

Matthew D. Satchwell (6290672)

KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312)-469-7120
Facsimile: (312)-862-2200
msatchwell@kirkland.com

*Counsel for Defendant Jerome Stevens Pharmaceuticals, Inc.*

---

[Illinois]," is applicable in this case.  *See* Def.'s Mem. at 5–7 (explaining that JSP committed no act of infringement in Illinois).

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 18, 2012, a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF JEROME STEVENS PHARMACEUTICALS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER was served via the Court's CM/ECF to all counsel on record.

Dated: January 18, 2012                    Respectfully submitted,

/s/ Matthew D. Satchwell_____

Matthew D. Satchwell (6290672)

KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312)-469-7120
Facsimile: (312)-862-2200
msatchwell@kirkland.com

*Counsel for Defendant Jerome Stevens Pharmaceuticals, Inc*