IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMP LOGIC SYSTEMS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 5075 |
| ) | |
| JEROME STEVENS ) | |
| PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Jerome Stevens Pharmaceuticals, Inc.'s (JSP) motion to dismiss and motion, in the alternative, to transfer. For the reasons stated below, the motion to transfer is granted, and the motion to dismiss in the alternative is denied as moot.

## BACKGROUND

Plaintiff SMP Logic Systems, LLC (SMP) alleges that it is the assignee for several patents dealing with pharmaceutical manufacturing methods. JSP is allegedly a pharmaceutical manufacturer and is allegedly currently manufacturing

1

products using methods that are patented by SMP. SMP includes in its complaint a patent infringement claim. JSP now moves to dismiss the instant action and moves in the alternative to transfer this case.

## DISCUSSION

JSP moves to dismiss the instant action, arguing that it is not subject to personal jurisdiction in Illinois. In the alternative, JSP requests that the court transfer this case to the Eastern District of New York. The court will address the transfer motion first, since if the transfer request is granted, the personal jurisdiction issue before the court will be moot. This court is not required to resolve the personal jurisdiction issue prior to a transfer. *See, e.g., Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)(stating that "under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants").

If the Northern District of Illinois is a proper venue, a transfer is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* If the Northern District of Illinois is not a proper venue, this court may still transfer the instant action pursuant to 28

U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*  JSP concedes that it has significant contacts with the Eastern District of New York, and thus would be subject to personal jurisdiction in New York.  (Mem. 2-3).

I.  SMP's Choice of Forum

SMP argues that its choice of forum is entitled to deference.  (Ans. 12-13).  In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  Although SMP asserts that JSP, through its agent, distributes infringing products nationally, (Ans. 5), the only apparent connection that this case has specifically to Illinois is that SMP's counsel is located in Illinois.  SMP asserts that it is a California company with offices in California.  (Compl. Par. 4).  SMP does not

allege that it has any connections with Illinois. While the court has given substantial deference to SMP's choice of the instant forum, SMP's choice is not dispositive, particularly in a case such as this where there are limited connections to Illinois.

II. Convenience of Parties and Witnesses

JSP argues that the convenience of the parties and witnesses would clearly be best served by a transfer to the Eastern District of New York. JSP contends that it is located in New York and that many key witnesses and documents will be located in New York. In addition, the record reflects that Lannett Company, Inc. (Lannett), the company that SMP contends distributes the infringing products for JSP, has its headquarters in Philadelphia. (Ans. 5). The witnesses and documents at Lannett in Philadelphia are located much closer to New York than Illinois. JSP also points out that the main basis of the instant action is JSP's alleged manufacture of products in a manner that infringes upon SMP's patents. JSP asserts that the manufacturing at issue is entirely located in New York. Although SMP questions whether all of the pertinent manufacturing is occurring in New York, SMP does not contest the fact that a significant amount of the manufacturing at issue is occurring in New York. (Ans. 14). SMP has not shown that any manufacturing at issue has occurred in or near Illinois.

To the extent that SMP's witnesses would be impacted by a transfer to New York, SMP references only one potential witness, Shane Popp (Popp). (Ans. 14-15). However, SMP's witnesses will need to travel regardless of whether the case is transferred since SMP has not shown that any witnesses are located in Illinois. SMP also argues that Popp, who is located in California, will need to travel farther if the case is moved from Illinois to New York. However, SMP's concerns about Popp's need to travel are undermined by the fact that SMP chose to file the instant action in Illinois, which is a significant distance from California. Since JSP is allegedly distributing its products nationally, nothing prevented SMP from filing the instant action in or close to California, if SMP were truly concerned about the need for Popp to travel. SMP also argues that the location of documents is irrelevant since they can be sent electronically to Illinois. However, SMP has not shown that the location of physical evidence or actual documents are immaterial. JSP has shown that a transfer to the Eastern District of New York would clearly be more convenient to the parties and witnesses.

III.  Interest of Justice

JSP contends that the interest of justice would be promoted by a transfer to the Eastern District of New York. In addressing the interest of justice factor, a court

may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21, 21 n.4 (7th Cir. 1986). In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

JSP has shown that this action can be resolved more efficiently in New York where the majority of parties and witnesses are located and where the allegedly infringing manufacturing process is occurring. This case has many close connections with New York and limited connections with Illinois. Thus, the interest of justice factor clearly favors a transfer.

Under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), a transfer of this case to the Eastern District of New York is clearly warranted. Considering the factors under 28 U.S.C. § 1404(a), SMP's choice of Illinois is entitled to limited deference considering this case's limited connections to Illinois, and the convenience

of the parties and witnesses clearly would be best served by a transfer. Considering the interest of justice factor under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), the interest of justice factor is clearly served by a transfer to New York where there are close ties to this action and where this action can be most effectively and efficiently resolved. *See, e.g., Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 n.5 (4th Cir. 1993)(stating that "[t]he analysis of whether a transfer is 'in the interest of justice' is the same under section 1404(a) as it is under section 1406(a)"). Therefore, based on the above, JSP's motion to transfer to the Eastern District of New York is granted. JSP's motion to dismiss for lack of personal jurisdiction is denied as moot.

## CONCLUSION

Based on the foregoing analysis, JSP's motion to transfer is granted and the motion to dismiss is denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 26, 2012